MUEX *v.* HAWKINS.

4-8226                                          204 S. W. 2d 171

Opinion delivered June 23, 1947.

Rehearing denied September 22, 1947.

*Claude F. Cooper,* for appellant.

*George W. Barham,* for appellee.

ROBINS, J. On April 28, 1942, appellant and appellees entered into the following contract:

"Know All Men By These Presents:

"That Charley Meux, first party and J. F. Hawkins and Ludella Hawkins, his wife, second party, do hereby contract as follows: The first party agrees to sell and the second party agrees to buy from the first party, the following described real estate situate in the City of Blytheville, Arkansas, and under the terms and condition hereinafter set forth.

## "Property

"Lot Twelve (12) in Block Two (2) of the West End Subdivision of Town of Blytheville.

## "Terms

"The second party pays $50 cash in hand, the receipt of which is hereby acknowledged, by the first party, and commencing June 1, 1942, the sum of Six Dollars and Six Dollars on the first day of each succeeding month until the sum of $250 is paid, together with 10 percent interest from date until paid. The second party as part of the consideration for said property is to keep all taxes and assessments paid and the insurance on said property in favor of the first party, sufficient to protect him against loss on said property.

"The second party is to keep said property in good repair, natural wear and tear excepted, and when the conditions above set forth are complied with the first party will execute and deliver to the second party a good and sufficient deed to said real estate, warranting the title of said property in the second party. First party to pay improvement district assessments.

"Time is the essence of this contract and should the second party fail or refuse to comply with same, then all rights of the second party cease and become null and void in this agreement.

"In witness whereof we have hereunto set our hands and seals this April 28th, 1942.

> "/s/ Chas. Muex
> Evelyn Muex
> First Party

> ."/s/ J. F. Hawkins
> Ludella Hawkins
> Second Party"

This suit was filed on February 26, 1944, by appellants against appellees. In their complaint appellants alleged that appellees had failed to comply with any of the terms of said contract, and they prayed that all rights of appellees by reason of said contract be foreclosed and that the contract be canceled and appellants be placed in possession of the land.

The answer contained a denial that appellees had failed to comply with any of the terms thereof, and alleged that appellees had made all payments due up to December 1, 1943, and had on that date tendered the payment due, which tender had been refused by appellants; and they offered to pay all balance due, with interest. By way of cross-complaint appellees set up that prior to the sale to appellees, appellants had permitted the property to forfeit for the taxes for 1937, and that, in order to protect themselves, appellees had been forced to purchase the property from the state, and they prayed judgment against appellants for expense of obtaining the state's title.

Appellants contended in the lower court and urge here that under the contract appellees were required to pay each month, not only $6, but also the interest thereon, and that, since the appellees had paid or tendered

only $6 each month, there had been such a failure on the part of appellees to comply with the contract as to work a forfeiture thereof.

Appellees interpreted the contract as requiring a payment each month of $6, which included interest, until the entire amount of purchase money was paid—that interest accruing up to maturity of each payment was to be deducted from the $6 payment each month, and the balance of said payment, after such deduction, was to be applied on the principal debt until it was discharged.

It was not seriously contended by appellants, that appellees had not promptly made, up to the time the dispute arose, the six dollar monthly payments, or that, if not made punctually, the payments were nevertheless accepted by appellants under such circumstances as estopped them from invoking a forfeiture. But the most serious dispute arose from the different constructions placed by the parties on the provisions of the contract relating to interest.

The lower court upheld appellees' interpretation of the contract, and by a calculation, the correctness of which is not challenged, found that the sum of $183.29, which appellees tendered into court, was the balance due from appellees to appellants under the terms of the contract. Finding that there had been no breach of the contract by appellees, the lower court entered decree directing that the sum tendered be paid to appellants upon execution of deed by appellants conveying the property to appellees, dismissed appellants' complaint for want of equity and rendered judgment against them for costs.

From this decree appellants prosecute this appeal.

The lower court correctly construed the contract. To give the contract the meaning contended for by appellants it would be necessary to transpose the phrase "together with 10 per cent interest from date until paid" from the position in the sentence where the parties placed it and put it immediately following the words "Six Dollars and Six dollars." The language of the contract being

plain and unambiguous courts have no power, in construing it, to change the arrangement of its words. Dealing with a similiar question, Judge WOOD, in the case of *Clouston* v. *Maingault,* 105 Ark. 213, 150 S. W. 858, said: ''The court can neither eliminate nor supply nor rearrange the words and sentences in the unambiguous contract, but must construe it as the parties have made it.''

The decree of the lower court is affirmed.